UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NOVELLA JOHNSON,

                            **Plaintiff,**        **ANSWER**

   -against-

                                                          07 CV 5805

CITY OF NEW YORK, METROPOLITAN
TRANSIT AUTHORITY, MANHATTAN AND
BRONX SURFACE TRANSIT OPERATING
AUTHORITY, AND DAVID COLLUM

                            **Defendants.**
-------------------------------------------------------------X

      Defendants, Metropolitan Transit Authority ("MTA") and Manhattan and Bronx Surface Transit Operating Authority ("MABSTOA"), by their attorneys, answer the Complaint as follows:

      1.    Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 1.

      2.    Deny having knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 2 except deny that the MTA is an agency, employee or agent of the City of New York.

      3.    Deny the averment in paragraph 3 and aver that the MTA is a public benefit corporation duly organized under the Public Authorities Law of the State of New York (Pub. Auth. Law § 260 *et. seq.*).

      4.    Deny the averments in paragraph 4 and aver that the Transit Authority ("TA") is a public benefit corporation of the State of New York created and existing under the Public Authorities Law. MABSTOA is a statutory subsection of the TA (Pub. Auth. Law § 1203-a).

#1019243

5. Deny the averments in paragraph 5 except admit that Mr. Collum is employed by MABSTOA, and that Plaintiff purports to sue him in his individual and official capacities, but aver upon information and belief that Mr. Collum has not been served in this action.

6. Admit that Plaintiff purports to state a basis for jurisdiction under the statutes cited therein and refer the Court to those statutes for their true meaning and intent.

7. Admit that Plaintiff purports to state a basis for venue under the statute cited therein and refer the Court to that statute for its true meaning and intent.

8. Deny knowledge and information sufficient to form a belief as to the averment in paragraph 8.

9. Deny that Plaintiff was ever employed by the MTA and aver that MABSTOA and the MTA are distinct legal entities and separate employers, but aver that Plaintiff was employed by MABSTOA commencing on or about November 20, 1995 and that she is no longer employed by MABSTOA.

10. Deny the averment in paragraph 10.

11. Deny the averments in paragraph 11 except admit that Mr. Collum was not Plaintiff's immediate supervisor and normally did not have direct contact with Plaintiff.

12. Admit the averment in paragraph 12.

13. Deny the averments in paragraph 13.

14. Deny the averment in paragraph 14.

15. Deny the allegations in paragraph 15.

16. Deny the allegations in paragraph 16 except deny knowledge and information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that she was extremely distraught.

17. Deny the allegations in paragraph 17.

18. Deny the allegations in paragraph 18.

19. Deny the allegations in paragraph 19 except deny knowledge and information sufficient to form a belief as to Plaintiff's mental state and admit records reflect Plaintiff went to the hospital.

20. Deny the allegations in paragraph 20.

21. Deny the allegations in paragraph 21 except deny knowledge and information sufficient to form a belief as to Plaintiff's current ailments and/or purported disabilities.

22. Deny knowledge and information sufficient to form a belief as to Plaintiff's purported ailments and deny Plaintiff ever worked at the MTA, but aver that Plaintiff no longer works for MABSTOA.

23. Deny the allegations in paragraph 23 except admit Plaintiff filed an internal complaint against Mr. Collum as well as a complaint at the EEOC and refer the Court to those documents for their true content.

24. Deny the allegations in paragraph 24.

25. Deny the allegations in paragraph 25.

26. Deny the allegations in paragraph 26.

27. Deny the allegations in paragraph 27.

28. Deny the allegations in paragraph 28.

29. Deny the allegation in paragraph 29.

30. Deny the allegation in paragraph 30 except admit Plaintiff was advised she was being terminated.

31. Deny the allegations in paragraph 31.

## FIRST CAUSE OF ACTION

32. With respect to paragraph 32, Defendants repeat their answers to paragraphs 1 through 31 as if fully set forth herein.

33. Deny the allegations in paragraph 33.

## SECOND CAUSE OF ACTION

34. With respect to paragraph 34, Defendants repeat their answers to paragraphs 1 through 31 as if fully set forth herein.

35. Deny the allegations in paragraph 35.

## THIRD CAUSE OF ACTION

36. With respect to paragraph 36, Defendants repeat their answers to paragraphs 1 through 31 as if fully set forth herein.

37. Deny the allegations in paragraph 37.

## FOURTH CAUSE OF ACTION

38. With respect to paragraph 38, Defendants repeat their answers to paragraphs 1 through 31 as if fully set forth herein.

39. Deny the allegations in paragraph 39.

## FIRST AFFIRMATIVE DEFENSE

40. Plaintiff fails to state a claim upon which relief can be granted

## SECOND AFFIRMATIVE DEFENSE

41. All employment actions taken by Defendants affecting Plaintiff were lawful, non-discriminatory, and taken for legitimate business reasons.

## THIRD AFFIRMATIVE DEFENSE

42. Defendants acted in good faith toward Plaintiff at all times relevant herein, without any intent to unlawfully injure or discriminate against her.

## FOURH AFFIRMATIVE DEFENSE

43. The complaint is barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

44. Punitive damages are not recoverable from MTA or MABSTOA.

## SIXTH AFFIRMATIVE DEFENSE

45. As Plaintiff was employed by MABSTOA and not the MTA, the MTA is not a proper party to this action.

## SEVENTH AFFIRMATIVE DEFENSE

46. Based on an amendment to Public Authorities Law § 1266 (8), Defendants are not subject to claims based on the NYC Administrative Code.

## EIGHTH AFFIRMATIVE DEFENSE

47. Should the NYC Administrative Code have applicability, it is applicable only to the extent that the Code duplicates rights and remedies that exist under the NY State Human Rights Law.

## NINTH AFFIRMATIVE DEFENSE

48. Worker's Compensation Law provides the exclusive remedy for retaliation claims related to Worker's Compensation.

Dated: Brooklyn, New York
November 1, 2007

Yours, etc.,

Kristen Nolan
Francine Menaker
Office of the General Counsel
New York City Transit Authority
130 Livingston Street (12th floor)
Brooklyn, NY 11201
Tel. (718) 694-5720/3891
Attorneys for Defendants MTA and MABSTOA

#1019243

6

## CERTIFICATE OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF KINGS        )

Kristen M. Nolan, being duly sworn, deposes and says:

I am an employee of the New York City Transit Authority, in the office of the General Counsel of the New York City Transit Authority. On the 1st day of November, 2007, I served the accompanying Answer upon Michael Lumer, counsel for Plaintiff Novella Johnson, 26 Court Street, Suite 1005, Brooklyn, NY 10005 by delivering a true copy of the same securely enclosed in a post-paid envelope to a mailbox regularly maintained by the United States Postal Service at 130 Livingston Street, Brooklyn, New York 11201, properly addressed to said counsel at his address: 26 Court Street, Suite 1005, Brooklyn, NY 10005. This address had been previously designated by said Plaintiff for that purpose, in the preceding papers in this action.

I declare and certify under penalty of perjury that the foregoing is true and correct.

KRISTEN M. NOLAN

Sworn to before me this
1st day of November, 2007

NOTARY PUBLIC

GAIL ROGERS
Notary Public, State of New York
No. 01RO4992370
Qualified in Kings County
Commission Expires Feb. 24, 20 10

#1011243