

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | JENNAYDRA D. CLUNIS<br>Labor and Employment Law Division<br>100 Church Street, Room 2-118<br>New York, NY 10007<br>Ph: (212) 788-8703<br>Fax: (212) 788-8877 |

October 31, 2007

**BY HAND**

Hon. Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007



      Re: Johnson v. City of New York, et al.,
           07 Civ 5805 (RS) (RJS)

Dear Judge Sullivan:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent the defendant City of New York in the above-referenced action. Pursuant to Your Honor's individual rules of practice, defendant City of New York submits this letter to request a pre-motion conference to obtain leave to move for dismissal of the complaint pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. The bases for defendant's anticipated motion are set forth below.

**A.    Background**

      In this complaint, plaintiff claims that she has been employed by the Metropolitan Transit Authority ("MTA") and the Manhattan and Bronx Surface Transit Operating Authority ("MABSTOA") as a bus driver since November 20, 1995. See Complaint at ¶ 9. According to plaintiff, on March 24, 2006, while she was operating a bus, she requested a bathroom break from her dispatcher. See id. at ¶ 13. Her dispatcher approved her request and advised plaintiff to use a public restroom in a nearby park. See id. at ¶ 13-14. Plaintiff then claims that defendant David Cullum, another MTA employee, "deliberately" traveled to the park for the sole purpose of confronting her and "aggressively challenged her request to use the bathroom." See id. at ¶ 15. She claims that defendant Cullum yelled and screamed at her, and therefore instructed her to

return to her bus. See id. Plaintiff further alleges that defendant Cullum's behavior continued even after she contacted the crew dispatcher who confirmed that she could proceed to the park for her bathroom break. See id. at ¶ 16. Next, plaintiff states that defendant Cullum followed her to the park where he continued to berate her, which included "a barrage of demeaning and insulting remarks, including blatantly racist statements." See id. at ¶ 17. Plaintiff claims that as a result of defendant Cullum's conduct she became hysterical, returned to the depot and was taken to the Jacobi Hospital emergency room. See id. at ¶ 19. Plaintiff also claims that, because of defendant Cullum's behavior, she suffers from severe psychiatric injuries including, among other things, post-traumatic stress disorder and a major depressive episode. See id. at ¶ 20 -23.

On March 24, 2006, plaintiff alleges that she filed a complaint with the MTA and MABSTOA with respect to defendant Cullum's conduct. See id. at ¶ 23. She also claims to have filed a complaint with the Equal Employment Opportunity Commission. See id. Plaintiff claims that defendant Cullum has treated other black and/or female employees in a similar manner. See id. at ¶ 24. Plaintiff alleges that, despite defendant Cullum's history of discriminatory and abusive conduct, defendant MTA and MABSTOA failed to act on plaintiff's internal complaint and the purpose of their investigation was to discredit her complaint. See id. at ¶ 25.

Further, plaintiff claims that defendant MTA and MABSTOA retaliated against her for complaining internally and to the EEOC, by denying her worker's compensation claim, denying her request to be reclassified, and denying her request to assign her to a different position that would allegedly accommodate her psychiatric disability. See id. at ¶ 26. Plaintiff also claims that defendant MTA and MABSTOA rejected her request to enlarge the time within which defendant MTA and MABSTOA could place her in a different position. See id. at ¶ 28. Thus, plaintiff claims that she is unable to return to work since this incident.

On or about June 19, 2007, plaintiff filed the instant federal complaint alleging that the defendants violated her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., 42 U.S.C. § 1981 and the State and City Human Rights Laws. See id. at ¶¶ 32-39. Specifically, plaintiff claims that she was subjected to unequal terms and conditions of employment and retaliated against because of her race (Black), and gender (female).

### B.     Defendant City of New York

Defendant City of New York anticipates moving pursuant to Fed. R. Civ. P. 12(b) for an order dismissing the Complaint because it fails to state a claim upon which relief may be granted. As set forth below, the MTA and MABSTOA are separate legal entities from the City of New York. Thus, the City of New York is not liable for the conduct of these public authorities or their employees. Accordingly, the City of New York should be dismissed from this action.

The MTA is a public benefit corporation created under New York State law. See N.Y. Pub. Auth. Law §§ 1263(1)(a), 1264; see New York Urban League v. New York, 71 F.3d 1031, 1033 (2d Cir. 1995). The MABSTOA is a statutory subsidiary of the New York City Transit Authority ("NYCTA"). Ford v. N.Y. City Transit Auth., 43 Fed. Appx. 445, 446 (2d Cir.

2

2002). The NYCTA "is a public benefit corporation existing pursuant to New York State Public Authorities Law § 1201 et seq. for the purpose of operating transit facilities in New York City." Taylor v. New York City Transit Auth., 1997 U.S. Dist. LEXIS 15505 (S.D.N.Y. 1997). The NYCTA "is an entirely separate entity from the City of New York." Nobel Ins. Co. v. City of New York, 2006 U.S. Dist. LEXIS 70816, 73-72 (S.D.N.Y. 2006) citing Bertone Commissioning v. City of New York, 27 A.D.3d 222 (1st Dep't 2006) (holding that it was proper to permit plaintiff to file late notice of claim against New York Transit Authority, which owned sidewalk gate that allegedly caused injury and which was a "separate entity" from the City of New York).

Here, plaintiff fails to state a valid cause of action against the City of New York. As summarized above, the allegations in the Complaint focus on a incident between plaintiff and defendant Cullen. There are no allegations made against the City of New York or its employees. Plaintiff admits that both she and defendant Cullen are employed by MTA and MABSTOA. As set forth above, the City of New York is a legal entity separate from the MTA and MABSTOA. Thus, the City of New York cannot be held liable for their actions or the actions of their employees.

On October 23, 2007, I spoke with plaintiff's counsel and explained that the MTA is a separate legal entity from the City of New York. I then requested that the parties execute a stipulation withdrawing the City as a defendant from this action. On October 25, 2007, I followed up with plaintiff's counsel by letter and forwarded to him a stipulation for his review. After I did not receive a response from plaintiff's counsel, I contacted him by telephone on October 29, 2007. He apologized for the delay and informed me that he would be unable to respond to my request before the end of this week due to his obligations in other legal matters. I informed him that an immediate response was necessary because defendant City of New York's time to respond to the complaint expired on October 31, 2007. I have not spoken to plaintiff's counsel since October 29, 2007.

For the foregoing reasons, defendant respectfully requests leave to serve and file a motion to dismiss the complaint in this action, requests a pre-motion conference on the proposed motion, and requests that defendant City of New York's time to respond to the complaint be held in abeyance pending the consideration and submission of defendant City of New York's proposed motion.

Respectfully submitted,

Jennaydre D. Clunis (JC 1908)

Plaintiff's time to respond to this letter is hereby extended to November 8, 2007 at 5:00 p.m. The parties are to appear for a pre-motion conference on Nov. 13 at 4pm.

SO ORDERED
Dated:
RICHARD J. SULLIVAN
U.S.D.J.

cc: Reibman & Wiener (By Fax)
Attorneys for Plaintiff
26 Court Street, Suite 1005
Brooklyn, New York 11242

3