UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NOVELLA JOHNSON,

                             **Plaintiff,**         **ANSWER**

  -against-

                                                     **07 CV 5805**

CITY OF NEW YORK, METROPOLITAN
TRANSIT AUTHORITY, MANHATTAN AND
BRONX SURFACE TRANSIT OPERATING
AUTHORITY, AND DAVID COLLUM

                             **Defendants.**
------------------------------------------------------------X

       Defendant, David Collum, by his attorneys, answers the Complaint as follows:

       1.     Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 1.

       2.     Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 2 except denies that the MTA is an agency, employee or agent of the City of New York.

       3.     Denies the averment in paragraph 3 and avers that the MTA is a public benefit corporation duly organized under the Public Authorities Law of the State of New York (Pub. Auth. Law § 260 *et. seq.*).

       4.     Denies the averments in paragraph 4 and avers that the Transit Authority ("TA") is a public benefit corporation of the State of New York created and existing under the Public Authorities Law. MABSTOA is a statutory subsection of the TA (Pub. Auth. Law § 1203-a).

#1034282

5. Denies the averments in paragraph 5 except admits that Mr. Collum is employed by MABSTOA, and that Plaintiff purports to sue him in his individual and official capacities.

6. Admits that Plaintiff purports to state a basis for jurisdiction under the statutes cited therein and refers the Court to those statutes for their true meaning and intent.

7. Admits that Plaintiff purports to state a basis for venue under the statute cited therein and refers the Court to that statute for its true meaning and intent.

8. Denies knowledge and information sufficient to form a belief as to the averment in paragraph 8.

9. Denies that Plaintiff was ever employed by the MTA and avers that MABSTOA and the MTA are distinct legal entities and separate employers, but avers that Plaintiff was employed by MABSTOA commencing on or about November 20, 1995 and that she is no longer employed by MABSTOA.

10. Denies the averment in paragraph 10.

11. Denies the averments in paragraph 11 except admits that Mr. Collum was not Plaintiff's immediate supervisor and normally did not have direct contact with Plaintiff.

12. Admits the averment in paragraph 12.

13. Denies the averments in paragraph 13.

14. Denies the averment in paragraph 14.

15. Denies the allegations in paragraph 15.

16. Denies the allegations in paragraph 16 except denies knowledge and information sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that she was extremely distraught.

17. Denies the allegations in paragraph 17.

18. Denies the allegations in paragraph 18.

19. Denies the allegations in paragraph 19 except denies knowledge and information sufficient to form a belief as to Plaintiff's mental state and admit records reflect Plaintiff went to the hospital.

20. Denies the allegations in paragraph 20.

21. Denies the allegations in paragraph 21 except denies knowledge and information sufficient to form a belief as to Plaintiff's current ailments and/or purported disabilities.

22. Denies knowledge and information sufficient to form a belief as to Plaintiff's purported ailments and denies Plaintiff ever worked at the MTA, but avers that Plaintiff no longer works for MABSTOA.

23. Denies the allegations in paragraph 23 except admits Plaintiff filed an internal complaint against Mr. Collum as well as a complaint at the EEOC and refers the Court to those documents for their true content.

24. Denies the allegations in paragraph 24.

25. Denies the allegations in paragraph 25.

26. Denies the allegations in paragraph 26.

27. Denies the allegations in paragraph 27.

28. Denies the allegations in paragraph 28.

29. Denies the allegation in paragraph 29.

30. Denies the allegation in paragraph 30 except admits Plaintiff was advised she was being terminated.

31. Denies the allegations in paragraph 31.

## FIRST CAUSE OF ACTION

32. With respect to paragraph 32, Defendant repeats his answers to paragraphs 1 through 31 as if fully set forth herein.

33. Denies the allegations in paragraph 33.

## SECOND CAUSE OF ACTION

34. With respect to paragraph 34, Defendant repeat his answers to paragraphs 1 through 31 as if fully set forth herein.

35. Denies the allegations in paragraph 35.

## THIRD CAUSE OF ACTION

36. With respect to paragraph 36, Defendant repeats his answers to paragraphs 1 through 31 as if fully set forth herein.

37. Denies the allegations in paragraph 37.

## FOURTH CAUSE OF ACTION

38. With respect to paragraph 38, Defendant repeats his answers to paragraphs 1 through 31 as if fully set forth herein.

39. Denies the allegations in paragraph 39.

## FIRST AFFIRMATIVE DEFENSE

40. Plaintiff fails to state a claim upon which relief can be granted

## SECOND AFFIRMATIVE DEFENSE

41. All employment actions taken by Defendants affecting Plaintiff were lawful, non-discriminatory, and taken for legitimate business reasons.

## THIRD AFFIRMATIVE DEFENSE

42. Defendants acted in good faith toward Plaintiff at all times relevant herein, without any intent to unlawfully injure or discriminate against her.

## FOURH AFFIRMATIVE DEFENSE

43. The complaint is barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

44. Punitive damages are not recoverable from MTA or MABSTOA.

## SIXTH AFFIRMATIVE DEFENSE

45. As Plaintiff was employed by MABSTOA and not the MTA, the MTA is not a proper party to this action.

## SEVENTH AFFIRMATIVE DEFENSE

46. Based on an amendment to Public Authorities Law § 1266 (8), Defendants are not subject to claims based on the NYC Administrative Code.

## EIGHTH AFFIRMATIVE DEFENSE

47. Should the NYC Administrative Code have applicability, it is applicable only to the extent that the Code duplicates rights and remedies that exist under the NY State Human Rights Law.

## NINTH AFFIRMATIVE DEFENSE

48.  Worker's Compensation Law provides the exclusive remedy for retaliation claims related to Worker's Compensation.

Dated: Brooklyn, New York
       December 18, 2007

                                                 Yours, etc.,

                                                 Kristen Nolan
                                                 Francine Menaker
                                                 Office of the General Counsel
                                                 New York City Transit Authority
                                                 130 Livingston Street (12th floor)
                                                 Brooklyn, NY 11201
                                                 Tel. (718) 694-5720/3891
                                                 Attorneys for Defendants MTA, MABSTOA and David Collum

# CERTIFICATE OF SERVICE BY MAIL

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF KINGS     )

Kristen M. Nolan, being duly sworn, deposes and says:

I am an employee of the New York City Transit Authority, in the office of the General Counsel of the New York City Transit Authority. On the 19th day of December, 2007, I served the accompanying Answer upon Michael Lumer, counsel for Plaintiff Novella Johnson, 26 Court Street, Suite 1005, Brooklyn, NY 10005 by delivering a true copy of the same securely enclosed in a post-paid envelope to a mailbox regularly maintained by the United States Postal Service at 130 Livingston Street, Brooklyn, New York 11201, properly addressed to said counsel at his address: 26 Court Street, Suite 1005, Brooklyn, NY 10005. This address had been previously designated by said Plaintiff for that purpose, in the preceding papers in this action.

I declare and certify under penalty of perjury that the foregoing is true and correct.

_____
KRISTEN M. NOLAN

Sworn to before me this
19th day of December, 2007

_____
NOTARY PUBLIC

GAIL ROGERS
Notary Public, State of New York
No. 01RO4992370
Qualified in Kings County
Commission Expires Feb. 24, 20 10

#1011243